# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK BANKS, | 3:17-cv-00445-RCJ-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| ADRIAN ROE, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

For the reasons set forth below, the court recommends that Plaintiff's IFP application be denied and that this action be dismissed with prejudice.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit

disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" U.S. v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff has submitted an IFP application, but on the acknowledgment form, he has crossed out the "penalty of perjury" provision (ECF No. 1 at 3), when both the Local Rules and 28 U.S.C. § 1915 require an affidavit supported by a certified copy of a trust fund account statement. In addition, while his account statement provides his current account balance, average monthly balance, and average monthly deposits, the form states that no filing fee is due, in direct contravention of 28 U.S.C. § 1915(b). (ECF No. 1 at 4.) The handwriting of the signature of the purported authorized prison officer also looks

curiously similar to Plaintiff's handwriting. (ECF No. 1 at 4.) As a result, Plaintiff's IFP application should be denied.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

While the court would ordinarily deny the IFP application without prejudice and give the prisoner another opportunity to submit a corrected application, that is not warranted in this case.

Plaintiff, who is incarcerated in Youngstown, Pennsylvania, sues attorney Adrian Roe, U.S. Distriict Judge Mark R. Hornak, Assistant United States Attorney Robert Cessar, United States Attorney Soo Song, and FBI Special Agent Sean Langford. (ECF No. 1-1 at 1-3.) Generally, he alleges that these defendants have delayed his criminal case to keep him beyond his maximum sentence by asserting that he was mentally ill. (ECF No. 1-1 at 10-11.) He seeks damages in the amount of $55,000,000. (ECF No. 1-1 at 10.)

Plaintiff has attempted to file various actions in the District of Nevada, against defendants in Pennsylvania, while he is incarcerated in Pennsylvania. (*See* Case Nos.: 2:16-cv-01149-JCM-GWF; 2:16-cv-01152-APG-NJK; 2:16-cv-01153-JAD-VCF; 2:16-cv-01154-GMN-PAL; 2:16-cv-01155-RFB-VCF; 2:16-cv-001158-JAD-CWH.)

Plaintiff has been declared a vexatious litigant by the Western District of Pennsylvania. *Banks v. Francis*, No. CV 1501385, 2015 WL 8207532, at * 4 (W.D. Pa. Dec. 8, 2015) (appeal dismissed). He is "enjoined from filing, without prior authorization of the Court, any complaint, lawsuit or petition for writ of mandamus." *Id*.

As with similar actions Plaintiff has filed here, the court finds that this action should be dismissed as Plaintiff did not obtain prior authorization from the court to file his complaint. As United States Magistrate Judge Cam Ferenbach put it: "Banks cannot escape the vexatious litigant determination by simply filing in the District of Nevada with the hope that this court will be more hospitable." (Case 2:16-cv-01155-RFB-VCF, ECF No. 2 at 3:14-16.)

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **DENYING** Plaintiff's IFP application (ECF No. 1); and

(2) **DISMISSING** this action **WITH PREJUDICE**.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 2, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE